# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERDINAND REYNOLDS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>K. GERSTEL, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-00680 AWI DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF<br><br>(Doc. 5) |

Plaintiff Ferdinand Reynolds ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On May 5, 2009, plaintiff filed a motion for a court order requiring the Warden to allow Plaintiff full access to the law library, and commanding prison officials not to retaliate against Plaintiff for filing the instant motion.[1]

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the

---

[1] Contrary to Plaintiff's assertion, the Court did not issue an order permitting Plaintiff sixty full days of access to the law library. Rather, Plaintiff was ordered to submit a certified copy of his prison trust account statement for the six month period immediately preceding the filing of his complaint, within sixty days. (Doc. 4).

1

plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. A preliminary injunction does not serve the purpose of ensuring that plaintiff is able to litigate this action effectively or efficiently. Further, the issuance of the order sought by plaintiff in his motion would not remedy any of the claims alleged in this action.[2] Accordingly, the court lacks jurisdiction to issue such an order.

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for injunctive relief, filed May 5, 2009, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __May 7, 2009__          __/s/ Dennis L. Beck__
                                                   UNITED STATES MAGISTRATE JUDGE

---

[2] The court has not yet screened plaintiff's complaint. The court has a heavy case load and will screen plaintiff's complaint in due course; however, a cursory review of Plaintiff's complaint indicates that he has alleged claims regarding inadequate dental/medical care. A court order seeking law library access to litigate this action and seeking relief from any retaliation for filing the instant motion unquestionably fails to remedy underlying claims alleged in this action.