# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERDINAND REYNOLDS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>K. GERSTEL, et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　／ | CASE NO. 1:09-cv-00680-AWI-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANTS SCHUTT, LIU AND HODGES-WILKINS<br><br>(Docs. 1, 23) |

**Findings and Recommendations Following Screening of Complaint**

**I.　Procedural History**

Plaintiff Ferdinand Reynolds ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 16, 2009. On September 18, 2009, the Court issued an order finding that Plaintiff's complaint states a cognizable claim against Defendant Gerstel for violation of the Eighth Amendment, but does not state any cognizable claims against Defendants Schutt, Liu or Hodges-Wilkins. The Court ordered Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on the claims found to be cognizable. On October 5, 2009, Plaintiff notified the Court that he will dismiss his claims against Defendants Schutt, Liu and Hodges-Wilkins, and proceed only against Defendant Gerstel. Based on Plaintiff's notice, this Findings and Recommendations now issues.

**II.　Screening Requirement**

Plaintiff Ferdinand Reynolds, a state prisoner proceeding pro se and in forma pauperis, filed

1

1  this civil rights action pursuant to 42 U.S.C. § 1983 on April 16, 2009.  The Court is required to
2  screen complaints brought by prisoners seeking relief against a governmental entity or officer or
3  employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or
4  portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to
5  state a claim upon which relief may be granted, or that seek monetary relief from a defendant who
6  is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any
7  portion thereof, that may have been paid, the court shall dismiss the case at any time if the court
8  determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."
9  28 U.S.C. § 1915(e)(2)(B)(ii).

10  A complaint must contain "a short and plain statement of the claim showing that the pleader
11  is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but
12  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
13  do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v.
14  Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient
15  factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at
16  1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal
17  conclusion are not.  Id. at 1949.

18  **III.    Plaintiff's Claims Regarding Inadequate Dental Care**

19  Plaintiff, who is currently housed at Salinas Valley State Prison, brings this action against
20  defendants Dr. Gerstel, Dr. Schutt, Dr. Liu and Captain Hodges-Wilkins.  Plaintiff seeks money
21  damages.

22  Plaintiff alleges that on August 18, 2008, defendant dentist Dr. Gerstel performed dental
23  surgery on Plaintiff and drilled and removed only half of Plaintiff's painful tooth.  Plaintiff alleges
24  that defendant Gerstel did so for non-medical reasons and to cause Plaintiff pain.  Plaintiff states that
25  he filed an emergency dental complaint on August 25, 2008.  Plaintiff states that defendant Schutt
26  refused to process his complaint as a dental emergency.  Plaintiff contends that defendants Schutt
27  and Liu did not reach a final decision on his appeal until October 14, 2008, forcing Plaintiff to wait
28  approximately fifty days. Plaintiff alleges that defendant Hodges-Wilkins violated the Plata

1 agreement by evaluating and responding to his medical appeal at the third level of review, when only
2 licensed health care officials are permitted to do so.

3 Prisoners are entitled to adequate dental care. Hunt v. Dental Dept., 865 F.2d 198, 200 (9th
4 Cir. 1989). However, to rise to the level of cruel and unusual punishment in violation of the Eighth
5 Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain."
6 Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A claim of inadequate medical care does not rise
7 to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner
8 of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with
9 deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004)
10 (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official
11 does not act in a deliberately indifferent manner unless the official "knows of and disregards an
12 excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).

13 "Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this
14 standard, the prison official must not only 'be aware of the facts from which the inference could be
15 drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"
16 Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the
17 risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the
18 risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

19 Plaintiff's allegation that defendant Gerstel deliberately performed Plaintiff's surgery in a
20 manner to punish him and cause him pain is sufficient to state a claim against him for violation of
21 the Eighth Amendment. However, Plaintiff fails to state a claim against any of the remaining
22 defendants.

23 With respect to defendants Schutt and Liu, Plaintiff complains that defendants took an
24 unreasonable amount of time to process his grievance at the second level of review, which compelled
25 him to self-extract his tooth to seek relief. Plaintiff also complains that defendant Schutt failed to
26 process the grievance as a dental emergency, which would have provided a more immediate
27 response. "[A prison] grievance procedure is a procedural right only, it does not confer any
28 substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing

Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Specifically, failure to process a grievance does not state a constitutional violation. Buckley, 997 F.2d at 495. Thus, a prison official's involvement and actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495. Accordingly, defendants Liu and Schutt's failure to process plaintiff's grievance for fifty days does not give rise to any claims under section 1983. Furthermore, Plaintiff attaches as an exhibit the Form 602 grievance. (Doc. 1, Complaint, Court Docket pp. 16-17.) Upon review, Plaintiff has not sufficiently demonstrated that defendant Schutt "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety," Farmer, 511 U.S. at 837, by refusing to process the grievance as a dental emergency.

Next, Plaintiff alleges that defendant Hodges-Wilkins violated the terms of the Plata consent decree by reviewing and responding to Plaintiff's appeal at the third level. Plata v. Davis, 01-01351 THE (N.D.Cal.) is a class action that was filed in the United States District Court for the Northern District of California. "[A] civil rights action is not the proper means by which to enforce a remedial decree." Rogers v. Schriro, No. CV 07-0142-PHX-MHM (JRI), 2007 WL 2808226, *2 (D. Ariz. Sept. 25, 2007) (citations omitted). "Jurisdiction to enforce the judgment is retained by the court that entered it," and "individual prisoners are not allowed to seek relief through a § 1983 action for violations of the decree." Id. (citations omitted). Plaintiff fails to state a claim against defendant Hodges-Wilkins for violation of the consent degree.

Finally, Plaintiff alleges that defendant Hodges-Wilkins is acting in a conspiracy "to coerce Prison Medical Officials at Corcoran state Prison to change their Second level decision in an effort to avoid them from being sued in the court of law!" (Doc. 1, Complaint, Court Docket p.5.) It appears that Plaintiff is alleging that his appeal was granted in part at the second level and that he

1  was awarded $95,000.00.  Plaintiff contends that the decision was affirmed at the third level of
2  review, but he has not yet been compensated.

3  Plaintiff's conclusory allegations of a conspiracy are insufficient to state a claim.
4  Furthermore, the Form 602 bearing log no. 08-4167 indicates that Plaintiff's appeal was partially
5  granted at the second level of review.  (Id., Court Docket pp.16-17.)  The decision states that an
6  inquiry was conducted, and states that staff had violated CDCR policy.  The decision does not
7  indicate that Plaintiff was awarded $95,000.00. (Id.)  Plaintiff's allegation of a conspiracy is
8  unsupported and is facially implausible.  Iqbal, 129 S.Ct. at 1949.

9  **IV.    Conclusion and Recommendation**

10  Plaintiff's complaint states a claim against Defendant Gerstel for violation of the Eighth
11  Amendment.  However, the complaint does not state any cognizable claims against Defendants
12  Schutt, Liu or Hodges-Wilkins. Plaintiff was provided with the opportunity to either amend or
13  proceed only on his cognizable claims, and has opted to proceed on the cognizable claims.
14  Accordingly, it is HEREBY RECOMMENDED that:

15  1.   This action proceed on Plaintiff's complaint, filed April 16, 2009, against Defendant
16       Gerstel for violation of the Eighth Amendment; and
17  3.   Defendants Schutt, Liu and Hodges-Wilkins be dismissed based on Plaintiff's failure
18       to state any claims against them.

19  These Findings and Recommendations will be submitted to the United States District Judge
20  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
21  **days** after being served with these Findings and Recommendations, plaintiff may file written
22  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's
23  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
24  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
25  1153 (9th Cir. 1991).

26  IT IS SO ORDERED.

27  **Dated:   October 13, 2009**              **/s/ Dennis L. Beck**
                                                 UNITED STATES MAGISTRATE JUDGE
28