# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERDINAND REYNOLDS, | CASE NO. 1:09-cv-00680-AWI-GBC (PC) |
| Plaintiff, | ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL |
| v. | (Doc. 46) |
| K. GERSTEL, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |
| / | |

**I.   Procedural History**

Plaintiff Ferdinand Reynolds ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 16, 2009. (Doc. 1). This action is proceeding on Plaintiff's original complaint filed on April 16, 2009, against Defendant Gerstel for conduct regarding a tooth extraction on August 18, 2008, in violation of the Eighth Amendment. (Docs. 24, 25, 36). Pursuant to the scheduling order filed on April 21, 2010, the deadline for the completion of discovery was December 21, 2010, and the deadline to file pretrial dispositive motions was February 28, 2011.

On December 1, 2010, Plaintiff filed a motion to compel. (Doc. 46). On December 22, 2010, Defendant filed an opposition. (Doc. 49). Plaintiff did not file a reply.

///
///
///

II. **Plaintiff's Motion for Subpoena Duces Tecum**

A. **Legal Standard**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). For document production requests, responding parties must produce documents which are in their "possession, custody or control." Fed. R. Civ. P. 34(a)(1). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." *Allen v. Woodford*, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D.Cal. Jan. 30, 2007) (citing *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995)); *accord Bovarie v. Schwarzenegger*, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D.Cal. Feb. 22, 2011); *Evans v. Tilton*, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D.Cal. Mar. 19, 2010). Parties should also be mindful of the fact that they will be precluded from using the requested documents that they failed to produce during discovery, as evidence in support of summary judgment, in opposition to any motions, and in any way during trial. Fed. R. Civ. P. 37(c)(1).

B. **Request One and Four**

**POD 1(a):** "Copy of the full completed investigation report conducted by the Chief Dentist at Corcoran State Prison named Dr. Warren H. Liu against Defendant Dr. Kirk Gerstel DDS in 2008, including all written statements from witnesses etc which lead Dr. Liu to conclude that defendant Dr. Gerstel violated CDCR's dental policies!" Plaintiff also incorporates by reference to attached objections by Defendant the request for investigatory documents that may be in Defendant's personnel file.

**POD 4(a):** "Copy of full completed investigation report by Ms. Cheryl Schutt who was the former Health Care Manager at Corcoran State Prison in 2008, including witnesses statements and documents that lead her to conclude that defendant Dr. Gerstel violated CDCR's dental policies."

**POD 4(b):** "Copy of full completed investigation report conducted by Captain M. Hodges-Wilkins at CDCR's headquarters in Sacramento in 2009, including witnesses

statements which lead her to Grant my 3rd Level Of Appeal In Part against defendant Dr. Gerstel for violating CDCR's dental policies!"

**Ruling**

Defendant objects on the ground that there was not an "investigation," but rather an "inquiry." (Doc. 46 at 5-7). This is unpersuasive. Without citing any supporting law, Defendant further objects on the ground that personnel matters are confidential. (Doc. 46 at 5-7; Doc. 49). Defendant cites to the declaration of M. Kimbrell, the litigation coordinator for Corcoran State Prison who states that inmate appeal inquiries are confident to ensure candid responses and to protect inmate witnesses from being labeled as a "snitch." (Doc. 49-1, Kimbrell's Decl. at ¶ 6). Defendant fails to explain the relevance of such a statement given that it is not apparent how a medical inquiry would entail inmate "snitches" nor explain why those interviewed would be any less candid then when speaking under oath in court. Parts of personnel files can be relevant to § 1983 claims. *See, e.g.*, *Hillblom v. County of Fresno*, 539 F.Supp.2d 1192, 1212 (E.D. Cal. 2008) (police officer's personnel file discoverable in section 1983 action); *Soto v. City of Concord*, 162 F.R.D. 603, 614-15 (N.D. Cal. 1995) ("information may lead to evidence of a continuing course of conduct reflecting malicious intent" or "reveal the defendant officers' patterns of behavior as well as [their agency's] response to such behavior"); *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992); *Baker v. Hatch*, No. CIV S-07-2204 FCD EFB P, 2010 U.S. Dist. LEXIS 91974, at *2-*3, 2010 WL 3212859 (E.D.Cal. Aug.12, 2010). Also, information can be relevant as to issues of credibility about the defendants. *See Tennison v. City & County of San Francisco*, No. C 04 0574 CW (EMC), 2005 WL 89008, at *1 (N.D.Cal. Jan.12, 2005); *Soto*, 162 F.R.D. at 615; *Miller*, 141 F.R.D. at 296 n. 3.

Defendant has failed to make the required threshold showing to demonstrate entitlement to federal privilege. Federal common law recognizes a qualified privilege for official information, also known as the governmental privilege, or state secret privilege. *Kerr v. United States District Court for the Northern District of California*, 511 F.2d 192, 198 (9th Cir.1975). The application of the official information privilege is "contingent upon the competing interests of the requesting litigant and subject to disclosure especially where protective measures are taken." *Id.* Government personnel files are considered official information. *See Sanchez v. City of Santa Ana*, 936 F.2d 1027,

3

1033 (9th Cir.1990) (finding city police department personnel files not subject to discovery for general search). To determine whether the information sought is privileged, courts must "weigh the potential benefits of disclosure against the potential disadvantages." *Id.* at 1033-1034. If the potential disadvantages are greater, the privilege bars discovery. *Id.* at 1034 (citing *Jepsen v. Florida Bd. of Regents*, 610 F.2d 1379, 1384-85 (5th Cir. 1980).

Here, Defendant makes general assertions that government personnel files are considered private, investigations at the prison often include confidential conversations, and disclosure of personal or confidential information could threaten the safety of officers and inmates. Plaintiff's request is relevant, narrowly tailored and central to his claim. Documents relating to the investigation of the tooth extraction on August 18, 2008, is relevant and discoverable.

Plaintiff's motion to compel is granted as modified: Defendant is to provide copies of all documents related to the "inquiry" or investigation against Defendant Dr. Kirk Gerstel relating to the tooth extraction on August 18, 2008. Defendants may redact personal information such as social security numbers, addresses, phone numbers and birth dates, if applicable, and produce the documents relating to the "inquiry" or investigation to Plaintiff.

### C. Request Two and Three

**POD 2**: Plaintiff's motion to compel no. 2 seeks to have a copy of Dr. Gerstel's August 18, 2008, progress note transcribed and produced.

**POD 3**: Plaintiff's motion to compel no. 3 seeks a copy of a report which describes why CDCR and the Attorney General's Office declined to represent defendant in this case.

### Ruling

Defendant correctly points out, Plaintiff may not move to compel a response to a discovery request that was served with the motion to compel a response. Defendant is entitled to forty-five days within which to serve a response to discovery requests, and Plaintiff may move to compel a response only after the expiration of that deadline, assuming he does not receive any response or he is dissatisfied with the response.

To the extent that Plaintiff is attempting to compel the production of documents referred to in his requests for production of documents, he may not do so. Plaintiff is required to seek

documents through a request for the production of documents and he may seek court intervention via a motion to compel only after the passage of forty-five days and either non-receipt of any response or receipt of an unsatisfactory response. Plaintiff is to keep in mind that the deadline for discovery has passed and neither party has requested for an extension of time. Plaintiff's request to compel the above discussed documents is denied.

### D. Request Five

**POD 5**: Plaintiff's motion to compel no. 5 seeks a copy of the November 19, 2010 deposition transcript.

**Ruling**

The officer must furnish a copy of the deposition to Plaintiff upon payment of reasonable charges. Fed. R. Civ. P. 30(f)(2). There is no provision under the Federal Rules or the Local Rules for free copies of deposition transcripts. Moreover, Rule 30(e) of the Federal Rules of Civil Procedure provides that upon request of a deponent or a party before completion of the deposition, the deponent or party shall have thirty days after being notified by the officer that the transcript or recording is available in which to review the transcript or recording. Fed. R. Civ. P. 30(e).

Accordingly, Plaintiff's request for a transcript of the deposition is denied.

### III. Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel, filed December 1, 2010, is granted in part as to PODs 1(a), 4(a) and 4(b) as set forth herein, and the motion is otherwise denied (Doc. 46); and

2. Within **thirty (30) days** from the date of service of this order, Defendants shall produce the documents at issue in PODs 1(a), 4(a) and 4(b), directly to Plaintiff.

IT IS SO ORDERED.

Dated:   July 1, 2011

UNITED STATES MAGISTRATE JUDGE