# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERDINAND REYNOLDS, | CASE NO. 1:09-cv-00680-AWI-GBC (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION AGAINST DEFENDANT FOR FAILURE TO PROSECUTE |
| v. | (Doc. 47) |
| K. GERSTEL, et al., | |
| Defendants. | ORDER DENYING PLAINTIFF'S RULE 56(h) MOTION |
| / | (Doc. 50) |

**I.     Procedural History**

Plaintiff Ferdinand Reynolds ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 16, 2009. (Doc. 1). This action is proceeding on Plaintiff's original complaint filed on April 16, 2009, against Defendant Gerstel for conduct regarding a tooth extraction on August 18, 2008, in violation of the Eighth Amendment. (Docs. 24, 25, 36). On December 15, 2010, Plaintiff filed a "Motion Against Defendant for Failure to Prosecute Under Local Rule #11-110." (Doc. 47). On December 16, 2010, Defendant filed an opposition. On February 22, 2011, Plaintiff filed a motion pursuant to rule 56(h) of the Federal Rules of Civil Procedure. (Doc. 50). On February 22, 2011, Defendant filed an opposition. Plaintiff did not file a reply for either motion.

**II.    Motion for Defendant's Failure to Prosecute**

Plaintiff argues that since Defendant stated in his answer to the complaint that Plaintiff did not exhaust administrative remedies and that the Court's discovery order filed on April 21, 2010,

specified a deadline for Defendant to file an unenumerated 12(b) motion to dismiss on the grounds of exhaustion, that the Court should enter judgment against the Defendant. (Doc. 47). Plaintiff's motion entails a misunderstanding of the routine process of raising affirmative defenses in a defendant's answer to prevent waiver to raise the defense at a later time (generally a later deadline set by the Court) and a misunderstanding of the purpose of the Court's scheduling order deadlines. (Doc. 47).

It is Plaintiff's responsibility to prosecute the case. *Collins v. Pitchess*, 641 F.2d 740, 742 (9th Cir. 1981) ("Every plaintiff in federal court has a responsibility to prosecute his action diligently."). The consequence of failure to prosecute is dismissal of the action, not deciding the action in favor of the Plaintiff. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). As Plaintiff does not provide any correct law to support his request for the Court to enter judgment against Defendant, Plaintiff's motion, filed on December 15, 2010, is DENIED.

**III.    Rule 56(h) Motion[1]**

Plaintiff motions the Court to take disciplinary action under Rule 56(h) of the Federal Rules of Civil Procedure. Rule 56(h) provides:

> If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

In Plaintiff's motion, Plaintiff alleges that the Dr. Liu's memorandum dated May 7, 2009, and Dr. Liu's declaration submitted by defendant is a "fraud." (Doc. 50). Plaintiff argues that Dr. Liu did not have the authority to revise the original memorandum and that Dr. Liu falsely states that he made a mistake in his original memorandum. Although Plaintiff objects to Defendant's submission of Dr. Liu's May 7, 2009, memorandum and Dr. Liu's declaration and challenges both documents'

---

[1] Although Plaintiff cited to Rule 56(g), given the context of Plaintiff's argument, the Court will construe Plaintiff to mean 56(h).

2

credibility, Plaintiff's conclusory allegations and speculations are insufficient to support his allegation of fraud.  Therefore, Plaintiff's motion filed on February 1, 2011, is DENIED.

### IV.     Conclusion and Order

For the reasons set forth herein, it is HEREBY ORDERED that:

1. Plaintiff's motion, filed on December 15, 2010, is DENIED.  (Doc. 47); and

2. Plaintiff's motion filed on February 1, 2011, is DENIED.  (Doc. 50)


IT IS SO ORDERED.

Dated:    July 7, 2011

UNITED STATES MAGISTRATE JUDGE