UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERDINAND REYNOLDS, | CASE NO. 1:09-cv-00680-AWI-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED (Doc. 42) |
| v. | |
| K. GERSTEL, et al., | |
| Defendants. | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED IN PART AND DENIED IN PART (Doc. 52) |
| | OBJECTIONS DUE WITHIN THIRTY DAYS |

**FINDINGS and RECOMMENDATIONS**

**I.   Procedural History**

Plaintiff Ferdinand Reynolds ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 16, 2009. (Doc. 1). This action is proceeding on Plaintiff's original complaint filed on April 16, 2009, against Defendant Gerstel for conduct regarding a tooth extraction on August 18, 2008, in violation of the Eighth Amendment. (Docs. 24, 25, 36). On September 7, 2010, Plaintiff filed a motion for summary judgment. (Doc. 42). Defendant filed the opposition on September 23, 2010. (Doc. 44). Plaintiff filed the reply on October 4, 2010. (Doc. 44). On February 28, 2011, Defendant filed a motion for summary judgment. (Doc. 52). On March 10, 2011, Plaintiff filed an opposition and declaration. (Docs. 53, 54). On March 15, 2011, Defendant filed a reply. (Doc. 55). The motions are deemed

submitted.

## II.     Summary Judgment Standard

In resolving a motion for summary judgment, the Court must view the evidence in the light most favorable to Plaintiff and resolve all material factual disputes in favor of Plaintiff. *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003). Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party:

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id*. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e); *Matsushita*, 475

U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

The parties bear the burden of supporting their motions and oppositions with the papers they wish the Court to consider and/or by specifically referencing any other portions of the record they wish the Court to consider.  *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001).  The Court will not mine the record for triable issues of fact.  *Id.*

### III.   Factual Background

Plaintiff, who is currently housed at Salinas Valley State Prison, brings this action against defendant Dr. Gerstel ("Defendant").  Defendant is a licensed dentist in California.  (Doc. 52-1 at 2).  The alleged events that give rise to this instant action occurred while Plaintiff was a prisoner at California State Prison-Corcoran, located in Corcoran California.  On August 18, 2008, Defendant performed a tooth extraction on Plaintiff.  (Doc. 52-1 at 2).  On August 25, 2008, Plaintiff was scheduled for a post-operative appointment and Plaintiff refused to be seen by Defendant again.  (Docs. 52-1 at 2-3; 52-4 at 5 (Def. Exhibit B)).

Through the administrative grievance process at the second level, an investigation was conducted.  The investigation resulted in a memorandum dated October 14, 2008, signed by Dr. Liu who served as the interviewer and Dr. Schutt in the capacity as Associate Warden/Division Head/Medical Manager.  (52-8 at 5 (Def. Exhibit A)).  In the October 2008 memorandum, the box is checked stating that "Staff did violate CDCR policy."  (52-8 at 4 (Def. Exhibit A)).  Upon completion of the investigation the second level review determined that staff did violate CDCR policy.  (52-8 at 6 (Def. Exhibit A)).

At the final level of review (known as the Directors Level), it was determined that staff complied with internal rules and that evidence contained in the investigation did not support the second level review that staff violated CDCR policy and that Plaintiff was not entitled to compensation. (52-8 at 6 (Def. Exhibit A)). The Director's Level Appeal decision ordered the Health Care Manager of Corcoran to "re-review" the investigation and second level response to determine whether the finding that "Staff did violate CDCR policy" was correct. (52-8 at 7 (Def. Exhibit A)). The Director's Level Appeal decision ordered that "[i]f it is determined that the Second Level finding is incorrect, an amended Second Level response shall be prepared with a copy issued to the DLR and to [Plaintiff]." (52-8 at 7 (Def. Exhibit A)). Neither party has submitted evidence of an amended second level finding. However, parties submit an incomplete memorandum dated May 7, 2009, stating that "Staff did not violate CDCR plolicy. (52-8 at 11 (Def. Exhibit A)). In Defendant's copy of the May 2009 Memorandum, the second page incorrectly has a copy of page two of the Director's Level Appeal. (52-8 at 12 (Def. Exhibit A)). In Plaintiff's copy of the May 2009 Memorandum, the second page incorrectly has a copy of page two of the October 2008 memorandum. (Doc. 45 at 11 Plt. Exhibit C ).

### IV.     Plaintiff's Allegations in Complaint

Plaintiff alleges that on August 18, 2008, defendant dentist Dr. Gerstel performed dental surgery on Plaintiff and drilled and removed only half of Plaintiff's painful tooth. Plaintiff alleges that defendant Gerstel "willfully, intentionally, and deliberately drilled and removed only half" of Plaintiff's tooth 'while leaving the other painful half . . . in place for the purpose of teaching [Plaintiff] a cruel [and] cold hearted lesson about procrastinating [six] months to decide to have such tooth pulled." (Doc. 1 at 4). After an investigation into Plaintiff's complaint, Dr. Warren Liu, DDS and associate warden Dr, Schutt signed a memorandum dated October 14, 2008, indicating the investigation was complete and the memorandum had a box checked which stated "Staff did violate CDCR policy." (Doc. 1 at 5; Doc 1, Plaintiff's Exhibit D).

Plaintiff also alleges that he never got a refill of pain medication after it expired on August 25, 2008. (Doc. 1 at 5). While having to wait fifty days for his administrative appeal to reach to the highest level, Plaintiff could no longer stand the pain from the portion of his tooth still remaining in his gums and on September 26, 2008, at approximately 8:00 p.m., Plaintiff spent approximately three and half hours extracting the rest of his tooth with a paperclip. (Doc. 1 at 5).

## V.    Plaintiff's Motion for Summary Judgment

### A.    Summary of Plaintiff's Motion for Summary Judgment

Plaintiff asserts that since Defendant "admitted that [Plaintiff] raised the issue of being tortured in [his] prison administration appeal" that such admission is the same as admitting to torturing the Plaintiff. (Doc. 42 at 1).

### B.    Defendant's Opposition

Defendant argues that Plaintiff's motion for summary judgment should be denied because he failed to provide a statement of undisputed facts pursuant to Local Rule 260(a) and cites to *Engrahm v. County of Colusa*, 2005 U.S. Dist. LEXIS 38647, 2-3 (E.D. Cal. 2005) as support. (Doc. 44 at 5). Additionally, Defendant asserts that Plaintiff has failed to meet his burden to demonstrate that he is entitled to judgment as a matter of law because Plaintiff failed to provide any evidence of deliberate indifference. (Doc. 44 at 6). Although Dr. Liu originally checked the box that stated "Staff did violate CDCR policy" on the memorandum summarizing the staff misconduct inquiry, Defendant asserts that Dr. Liu originally checked the incorrect box and cites to Dr. Liu's declaration and the amended memorandum. (Docs. 44 at 3; 44-5 at ¶ 5; 44-6).

### C.    Plaintiff's Reply

Plaintiff argues that since the third level review was partially granted and remanded the issue to the second level and that the second level never amended its decision, that the lack of an amended second level review trumps the revised memorandum by Dr. Liu. (Doc. 48 at 1-2). Plaintiff further

5

asserts that Dr. Liu's modification of the inquiry dated May 7, 2009, is "invalid," that Dr. Schutt only had the authority to modify the findings and that Dr. Schutt's lack of signature on the revised memorandum demonstrates that a refusal to sign the memorandum.[1]

**D.     Analysis**

Although Defendant makes an argument for denying Plaintiff's motion for summary judgment on procedural grounds, since it is obvious that Plaintiff fails substantively to meet his burden to prevail on summary judgment, the Court will deny Plaintiff's motion on substantive grounds. Plaintiff's summary judgment motion stands on a misinterpretation of Defendant's answer. Plaintiff argues that Defendant acknowledgment that Plaintiff raised the issue of being tortured equated the Defendant admitting guilt. (Doc. 42 at 1). Plaintiff's argument is directly contradicted by Defendant's answer in which Defendant "denies that he willfully, intentionally, and deliberately drilled and removed only half of plaintiff's tooth #29, leaving the other half in place to teach plaintiff a lesson about procrastinating." (Doc. 42 at 5 ¶ 7 (Defendant's Answer)). Plaintiff has failed to meet his burden to demonstrate that there exists no genuine issue as to any material fact, and failed to demonstrate that Plaintiff is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Therefore, the Court recommends that Plaintiff's motion for summary judgment be denied.

///
///
///
///

---

[1] It appears from comparison to the original October 2008 memorandum to other documents provided that neither party has provided the correct second signature page to the May 7, 2009, memorandum.

## VI. Defendant's Motion for Summary Judgment

### A. Summary of Defendant's Motion for Summary Judgment[2]

#### 1. Deliberate Indifference Regarding the Extraction of Tooth #29

Defendant argues that Plaintiff provides no evidence that Gerstel was deliberately indifferent to Plaintiff's medical need. (Doc. 52-1 at 7-8). Defendant further asserts that he has never performed any dental treatment on Plaintiff for a non-medical purpose or for the purpose to cause harm. (Doc. 52-1 at 8). As evidence, Defendant refers to his declaration. (Docs. 52-2 at 7 (Def. UF 30); 52-3 at ¶ 8 (Gerstel Decl.)). In the motion for summary judgment, Defendant asserts that Gerstel "successfully extracted [Plaintiff's] tooth on August 18, 2008." (Doc. 52-1 at 8). As evidence, Defendant refers to his declaration. (Docs. 52-2 at 2 (Def. UF 4); 52-3 at ¶ 3 (Gerstel Decl.)). Defendant further elaborates:

> [Defendant Gerstel] physically inspected tooth #29 and saw the entire tooth, including the complete root stump. [Gerstel] also observed an open socket in the gum tissue from which the tooth had been extracted.

(Doc. 52-1 at 8). As evidence, Defendant refers to his declaration. (Docs. 52-2 at 2-3 (Def. UF 8-9); 52-3 at ¶ 4 (Gerstel Decl.)). Further, "[t]he x-rays that were later taken of the extraction site confirmed that there was no tooth below the gum line." As evidence, Defendant refers to his declaration. (Docs. 52-2 at 6 (Def. UF 25-28); 52-3 at ¶ 7 (Gerstel Decl.)). Defendant further argues that although Plaintiff alleges that on September 26, 2008, he removed the remaining half of tooth #29 with a paperclip, that allegation is discredited by the fact that on October 1, 2008, Plaintiff again claimed that his tooth was still buried below the gum line and requested to have an x-ray of his mouth to confirm the presence of tooth #29. (Doc. 52-1 at 8). As evidence, Defendant refers to his

---

[2] Defendant provides his evidentiary support in the "Statement of Facts" section, however, in the body of the summary judgment argument, Defendant neglects to cite to the record to support each assertion. Given the brevity of the motion, the Court will connect the assertions to the facts cited to in Plaintiff's "Statement of Facts" of his motion for summary judgment argument. However, the Court will not mine the record to support a party's motion. *See Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001).

declaration.  (Docs. 52-2 at 5 (Def. UF 22); 52-3 at ¶ 7 (Gerstel Decl.)).

### 2. Deliberate Indifference Regarding Prescription of Pain Medication

Defendant argues that Plaintiff's lack of obtaining a refill for pain medication was a result from Plaintiff's own refusal to see the Defendant for a follow up appointment. (Doc. 52-1 at 8). Defendant asserts that although Plaintiff alleges that his prescription for pain medication expired on August 25, 2008, and was never re-filled, despite being informed that Plaintiff could not receive more medication unless his treating dentist prescribed it for him, Plaintiff refused to be examined by Defendant for the scheduled appointment on August 25, 2008.  (Doc. 52-1 at 8).  As evidence, Defendant refers to his declaration and deposition of Plaintiff. (Docs. 52-2 at 4 (Def. UF 14-18); 52-3 at ¶ 6 (Gerstel Decl.); 52-6 at 22-23 (Deposition)).

### B. Plaintiff's Opposition[3]

Plaintiff's opposition entails a misunderstanding of the routine process of raising affirmative defenses in a defendant's answer to prevent waiver and allow a defendant to raise the defense at a later time and Plaintiff's opposition misunderstands the purpose of the Court's scheduling order deadlines. (Doc. 52 at 1).  Plaintiff argues that since Defendant raised exhaustion as an affirmative defense in his answer and that the Court's discovery order stated that the deadline to submit an unenumerated 12(b) motion as passed, that this somehow demonstrates that Defendant has neglected to follow a court order and that should dismiss their motion for summary judgment.  Plaintiff's argument is without merit.  As Plaintiff raises the issue in another motion, the Court declines to address the issue further at this time.

In Plaintiff's declaration, Plaintiff alleges that the Dr. Liu's memorandum dated May 7, 2009, and Dr. Liu's declaration submitted by defendant is a "fraud." (Doc. 54). Although Plaintiff objects

---

[3] The Court will summarize Plaintiff's Opposition to the extent that such summary provides new information or argument.

to Defendant's submission of Dr. Liu's May 7, 2009, memorandum and Dr. Liu's declaration and challenges both documents credibility, Plaintiff's conclusory allegations and speculations are insufficient to support his allegation of fraud.

C.   **Defendant's Reply**[4]

Defendant additionally argues that Plaintiff's failure to comply with local rule 260(b) in opposing the motion for summary judgment should entitle Defendant to prevail in his motion for summary judgment since Plaintiff has failed to demonstrate that there exists a genuine issue of material fact. (Doc. 55 at 3). Defendant also submits an objection to Plaintiff's declaration (Doc. 54) in which he alleges perjury. (Doc. 55-2). Defendant argue that Plaintiff's allegation lack foundation and call for a legal conclusion. (Doc. 55-2).

D.   **Analysis**

1.   **Legal Standard-Deliberate Indifference to Serious Medical Need**

Prisoners are entitled to adequate dental care. *Hunt v. Dental Dept.*, 865 F.2d 198, 200 (9th Cir. 1989). However, to rise to the level of cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). For Plaintiff to prevail on an Eighth Amendment claim, he "must objectively show that he was deprived of something sufficiently serious, and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010)(internal quotations omitted). To prove the subjective prong, Plaintiff must present facts demonstrating that prison officials were aware of a "substantial risk of serious harm" to inmate and that prison officials had no "reasonable"

---

[4] The Court will summarize Defendants' Reply to the extent that such summary provides new information or argument.

justification for the deprivation in spite of the risk. *See Helling v. McKinney*, 509 U.S. 25, 35 (1993); *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010). To satisfactorily demonstrate that prison officials were aware of the substantial risk, Plaintiff proving the obviousness of the risk posed by the deprivation is sufficient to demonstrate that prison officials were aware of the substantial risk. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010).

Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) overruled on other grounds by, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)).

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim," *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted), and a difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference, *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

### a. Deliberate Indifference Regarding Tooth Extraction

In resolving the motion for summary judgment the Court cannot weigh the evidence and determine issue of credibility. *See Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003). Rather, the Court must view the evidence in the light most favorable to Plaintiff and resolve all material factual disputes in favor of Plaintiff. Moreover, Plaintiff does not need medical knowledge to provide a lay opinion regarding whether he felt a fragment of extracted tooth left in the gum and that he extracted the remaining fragment on his own. *See* Fed. R. Evid. 701 (lay witness may form opinions rationally based on perception of the witness and not based on scientific, technical, or other specialized knowledge). The issue of whether Plaintiff demonstrated deliberate indifference when extracting Defendant's tooth involve differing versions of events based on competing declarations.

Plaintiff asserts that half of his tooth still remained after the tooth extraction and that he extracted the remainder of the tooth on his own before any x-ray was done. (Doc. 1 (Complaint)). Moreover, Plaintiff asserts that Defendant purposefully left the remaining portion of the tooth as punishment for Plaintiff procrastinating to get dental care. (Doc. 1 at 4). Defendant asserts that he extracted the entire tooth and observed the gum to verify a successful extraction. (Doc. 52-3 (Gerstel Decl.)). Defendant also asserts that he did not perform the tooth extraction on Plaintiff for any non-medical reason and not for the purpose of causing Plaintiff harm. (Doc. 52-3 (Gerstel Decl.)). A material issue of fact remains as to whether Plaintiff's tooth was completely extracted and whether Defendant performed the tooth extraction for maliciously for the purpose to harm Plaintiff. Since the Court cannot decide issues of credibility at summary judgment on this matter, Defendant's motion for summary judgment on the issue of deliberate indifference regarding the tooth extraction should be denied.

### b. Deliberate Indifference Regarding Renewal of Pain Medication

Defendant scheduled a follow up appointment on August 25, 2008, which was the date that

Plaintiff's pain prescription was set to end. (Docs. 52-2 at 4 (Def. UF 14-18); 52-3 at ¶ 6 (Gerstel Decl.); 52-6 at 22-23 (Deposition); 52-4 at 5 (Def. Exhibit B)). Plaintiff was informed that he could not receive more medication unless his treating dentist prescribed it for him. (Docs. 52-2 at 4 (Def. UF 14-18); 52-3 at ¶ 6 (Gerstel Decl.); 52-6 at 22-23 (Deposition). Knowing this, Plaintiff refused to be examined by Defendant for the scheduled appointment on August 25, 2008. (Docs. 52-2 at 4 (Def. UF 14-18); 52-3 at ¶ 6 (Gerstel Decl.); 52-6 at 22-23 (Deposition); 52-4 at 5 (Def. Exhibit B)). Plaintiff did not file a request to be seen by another dentist until August 25, 2010. (Doc. 52-6 at 22-23 (Deposition)).

Plaintiff fails to provide any support to meet the subjective prong of the deliberate indifference standard since Plaintiff did not even make anyone aware of his wish to see a different dentist until the day his prescription expired and fails to show how any action or failure to act on the part of the Defendant caused Plaintiff's pain medication from being renewed. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). Plaintiff fails to meet his burden to demonstrate the existence of a genuine issue of material fact regarding whether Defendant was deliberately indifferent in violation of the Eighth Amendment for Plaintiff not obtaining a renewal of pain medication. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322. Therefore, summary judgment should be granted on the issue of whether Defendant was deliberately indifferent regarding plaintiff's pain medication.

**VII.   Conclusion and Order**

Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Plaintiff has the burden of showing that Defendant was deliberately indifferent to Plaintiff's serious medical need regarding Plaintiff's tooth extraction and renewal of his pain medication. *See Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010).

For the reasons set forth herein, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment (Doc. 42), filed September 7, 2010, be DENIED; and

2. Defendant's motion for summary judgment (Doc. 52), filed February 28, 2011, be GRANTED IN PART to the issue of renewal of Plaintiff's pain prescription and DENIED IN PART to the issue of deliberate indifference involving the extraction of Plaintiff's tooth on August 18, 2008.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     July 7, 2011

UNITED STATES MAGISTRATE JUDGE