# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERDINAND REYNOLDS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>K. GERSTEL, et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　／ | CASE NO. 1:09-cv-00680-AWI-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF BE DENIED<br>(Docs. 61, 63)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

## **FINDINGS and RECOMMENDATIONS**

### I. Procedural History

Plaintiff Ferdinand Reynolds ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 16, 2009. (Doc. 1). This action is proceeding on Plaintiff's original complaint filed on April 16, 2009, against Defendant Gerstel for conduct regarding a tooth extraction on August 18, 2008, in violation of the Eighth Amendment. (Docs. 24, 25, 36). On August 9, 2011, and August 15, 2011, Plaintiff filed motions for injunctive relief to order various prison officials from engaging in various acts of retaliation as a result of this pending action. (Docs. 61, 63).

### II. Injunctive Relief

"A preliminary injunction is an extraordinary remedy never awarded as a matter of right." *Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365, 376 (2008)(citation omitted). "A plaintiff seeking a preliminary injunction must establish that

1

1  he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence
2  of preliminary relief, that the balance of equities tips in his favor, and that an injunction is
3  in the public interest." *Id*. at 374 (citations omitted).  An injunction may only be awarded
4  upon a clear showing that the plaintiff is entitled to relief.  *Id*. at 376 (citation
5  omitted)(emphasis added).  The Ninth Circuit has made clear that "[T]o the extent that our
6  cases have suggested a lesser standard, they are no longer controlling, or even viable."
7  *McDermott v. Ampersand Pub., LLC*, 593 F.3d 950 (9th Cir. 2010), quoting *Am. Trucking
8  Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).  The moving party
9  has the burden of proof on each element of the test. *Environmental Council of Sacramento
10 v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

11      'A federal court may issue an injunction if it has personal jurisdiction over the parties
12 and subject matter jurisdiction over the claim; it may not attempt to determine the rights of
13 persons not before the court.'  *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004)
14 (quoting *Zepeda v. U.S. INS*, 753 F.2d 719, 727 (9th Cir. 1985).  The claims in this action arise
15 from Plaintiff's tooth extraction and Plaintiff's new retaliation claims do not involve the same
16 individuals or claim, thus the Court does not have jurisdiction to order injunctive relief.

17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Accordingly, it is recommended that Plaintiff's motions for preliminary injunctive relief, filed August 10, 2011 and August 15, 2011, be DENIED, with prejudice, for lack of jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     October 13, 2011

UNITED STATES MAGISTRATE JUDGE