# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERDINAND REYNOLDS,<br><br>           Plaintiff,<br><br>    v.<br><br>GERSTEL,<br><br>           Defendant.<br>_____/ | CASE NO. 1:09-cv-00680-AWI-GBC PC<br><br>FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION BE DENIED<br><br>(Doc. 80)<br><br>FIFTEEN DAY OBJECTION DEADLINE |

       This civil rights action was filed pursuant to 42 U.S.C. § 1983. Plaintiff, Ferdinand Reynolds ("Plaintiff") is proceeding on the Complaint, filed April 16, 2009, only on Plaintiff's claim against Defendant Dr. Gerstel for deliberate indifference to Plaintiff's medical condition in violation of the Eighth Amendment.

       On February 29, 2012, Plaintiff filed a motion seeking the issuance of a temporary restraining order and/or a preliminary injunction requiring an attorney to send Plaintiff legal stationary supplies. (Doc. 80, p. 1.) Denial is proper due to a lack of jurisdiction.

       Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective

relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Regardless, the pendency of this action does not give the Court jurisdiction over an attorney, prison officials in general, or over Plaintiff's property issues. Summers v. Earth Island Institute, 129 S.Ct. 1142, 1148-49 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 129 S.Ct. at 1148-49; Mayfield, 599 F.3d at 969.

Plaintiff does not seek the temporary restraining order and/or preliminary injunction against the sole remaining Defendant -- Dr. Gerstel. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Neither the private attorney referenced by Plaintiff, nor the Warden are Defendants in this action. Accordingly, it is hereby recommended that Plaintiff's motion for temporary restraining orders and preliminary injunctive relief, filed February 29, 2012, (Doc. 80), be denied for lack of jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   April 10, 2012

UNITED STATES MAGISTRATE JUDGE