IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERDINAND REYNOLDS, | 1:09-cv-00680-AWI-GBC (PC) |
| Plaintiff, | |
| vs. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| K. GERTSEL, | |
| Defendants. | (MOTION #92) |

On April 26, 2012, plaintiff filed a motion seeking the appointment of counsel.

Plaintiff does not have a constitutional right to appointed counsel in a civil action such as this one. States District Court for the Southern District of Iowa, 490 U.S. 296, 298(1989); Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Title 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding is forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989)..   The court may ask counsel to represent an indigent litigant under Section 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir.1997) *withdrawn in*

1  *part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir.1998) (en banc); <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir.1986).

Plaintiff has failed to make a showing that statutory grounds exist to appoint Plaintiff counsel. Plaintiff appears to be able to present his claims adequately, and the issues at this stage of the case are issues of fact. At issue is whether Defendant's alleged conduct in pulling Plaintiff's tooth constituted clear and unusual punishment. This disputed issue of fact is ready to be tried by a jury, and any further proceedings in this action do not involve issues of law that are novel or complex. A review of the docket reveals that Plaintiff's filings are comprehensive and focused. Plaintiff has filed numerous motions throughout this action, and these motions are articulate and organized. Plaintiff is correct that he may be served by the assistance of counsel, and the court is not unsympathetic to Plaintiff's desire for counsel. However, the Ninth Circuit has recognized that "any pro se litigant certainly would be better served with the assistance of counsel," and as such, the plaintiff must "show that because of the complexity of the claims he was unable to articulate his positions." <u>Rand</u>, 113 F.3d at 1525. Plaintiff has made no such showing. In fact, Plaintiff admits he only desires counsel because Plaintiff currently has very limited access to the prison law library. While the court recognizes that Plaintiff's access to the law library has been delayed, the solution to this delay is simply to allow Plaintiff more time to prepare for trial. This is not an action that is too complex to expect a prisoner to successfully litigate this action. As such, Plaintiff is not entitled to counsel.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: May 1, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE