# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERDINAND REYNOLDS,<br><br>         Plaintiff,<br><br>    v.<br><br>K. GERSTEL,<br><br>         Defendant.<br>_____/ | 1:09-cv-00680-AWI-SAB (PC)<br><br>ORDER DENYING MOTION FOR JUDICIAL NOTICE AND DENYING MOTION FOR RECONSIDERATION<br><br>ORDER DENYING MOTIONS FOR DEFAULT JUDGMENT AGAINST DEFENDANT<br><br>(ECF Nos. 115, 116, 118, 120, & 121) |

Plaintiff Ferdinand Reynolds ("Plaintiff") is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Following resolution of the parties cross-motions for summary judgment, this action is proceeding on Plaintiff's claim that Defendant Gerstel was deliberately indifferent to Plaintiff's dental needs in violation of the Eighth Amendment in extracting a tooth on August 18, 2008. (ECF No. 67.)

**1.     Judicial Notice and Reconsideration**

On July 25, 2012, Plaintiff filed a motion for a hearing due to willful and intentional destruction of his evidence. (ECF No. 103.) On July 30, 2012, a telephonic hearing was conducted by the district court judge; and this action was referred to the Magistrate Judge for determination if any action needed to be taken due to Plaintiff's allegations regarding his missing property and evidence. (ECF No. 104.)

Defendant filed an opposition to Plaintiff's motion on August 22, 2012. (ECF No. 106.) Plaintiff filed a reply on September 12, 2012, and a supplement to his reply on September 24, 2012. (ECF Nos. 107 & 108.) On December 17, 2012, Plaintiff filed a declaration. (ECF No. 109.) On February 11, 2013, Plaintiff filed a second surreply labeled "Judicial Notice on

1 Pending Fact Finding Hearing." (ECF No. 113.) On February 12, 2013, the Magistrate Judge
2 issued an order denying Plaintiff's request. (ECF No. 112.) On February 21, 2013, Plaintiff filed
3 a second request for "Judicial Notice on Pending Fact Finding Hearing. (ECF No. 115.) On
4 February 28, 2013, Plaintiff filed an opposition to the Magistrates's February 11, 2013 order
5 denying Plaintiff's request for a hearing.[1] (ECF No. 116.)

6       Federal Rule of Civil Procedure 60(b) governs relief from orders of the district court. The
7 Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1)
8 mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . by an opposing party, . . .
9 or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion for reconsideration
10 must be made within a reasonable time. Id. Rule 60(b)(6) "is to be used sparingly as an equitable
11 remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances
12 . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must
13 demonstrate both injury and circumstances beyond his control . . . ." Id. Local Rule 230(j)
14 requires Plaintiff to show "what new or different facts or circumstances are claimed to exist
15 which did not exist or were not shown upon such prior motion, or what other grounds exist for
16 the motion." "A motion for reconsideration should not be granted, absent highly unusual
17 circumstances, unless the district court is presented with newly discovered evidence, committed
18 clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to
19 raise arguments or present evidence for the first time when they could reasonably have been
20 raised earlier in the litigation." Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571
21 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

22       In Plaintiff's second request for judicial notice and his opposition to the Magistrate's
23 ruling, he simply restates his prior arguments and does not present newly discovered evidence,
24 clear error, or an intervening change in the law. Thus, the Court denies Plaintiff's motion for
25 Judicial notice and his motion to reconsider the Magistrate's order denying the motion for an
26 evidentiary hearing.

27 ―――――――――――――――――――――

28    [1] In Plaintiff's February 28, 2013 motion he also offered to settle the case. (ECF No. 116.) The Court recognizes Plaintiff's request, but will only schedule a settlement hearing upon indication that both parties wish to settle. Defendants stated in their March 26, 2012 pretrial statement that they do not believe a settlement conference would be helpful. (ECF No. 81.)

**2.  Default Judgement**

On March 28, 2013, April 4, 2013, and April 8, 2013, Plaintiff filed motions for entry of default judgment against Defendant for failure to obey a court order. (ECF Nos. 118, 120, & 121.) On March 29, 2013, Defendant filed an opposition to Plaintiff's motion for default judgment. (ECF No. 119.) On April 17, 2013, Plaintiff filed a response. (ECF No. 122.) The Court's February 12, 2013 order directed both parties to file a notice regarding the stipulated description of the [filling] within thirty days. Additionally, Defendant's opposition states that Defendant made a clerical error in addressing correspondence to Plaintiff and that Defendant corrected the error immediately upon its discovery. Local Rule 110 provides that the failure to comply with any order of the Court may be grounds for sanctions, but does not require sanctions. Due to the fact that neither party complied with the Court's order, default judgment against the Defendant is not an appropriate sanction.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for judicial notice filed on February 21, 2013 is DENIED (ECF No. 115);
2. Plaintiff's motion for reconsideration filed on February 28, 2013 is DENIED (ECF No. 116);
3. Plaintiff's motions for entry of default judgment filed on March 28, 2013, April 4, 2013, and April 8, 2013, are DENIED (ECF Nos. 118, 120, 121);
4. Defendant's motion for an extension of time to meet and confer with Plaintiff is GRANTED. (ECF No. 119.) The parties shall have **thirty (30)** days from the date of this order to notify the Court whether they are able to stipulate to a description of the filling; and
5. If the parties are unable to reach a stipulation, the instruction shall remain the same as set forth in the Court's February 12, 2013 order.

IT IS SO ORDERED.

Dated:   April 23, 2013

SENIOR DISTRICT JUDGE