# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERDINAND REYNOLDS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>K. GERSTEL,<br><br>　　　　　Defendant. | Case No. 1:09-cv-00680-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(ECF No. 130) |

　　　　Plaintiff Ferdinand Reynolds ("Plaintiff"), a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed April 16, 2009, against Defendant K. Gerstel on the issue of whether he is liable for deliberate indifference in his care and treatment regarding extraction of Plaintiff's tooth in violation of the Eighth Amendment.

　　　　On April 23, 2013, the Court denied Plaintiff's multiple requests for default judgment against Defendant for failure to comply with a court order. (ECF No. 123.) In that order, the Court notified the parties that if they were unable to stipulate to a description of the filling, the instruction would remain the same as set forth in the Court's February 12, 2013 order.[1] Id. The parties were ordered to notify the Court whether they are able to stipulate to a description of the

---

[1] "During the pendency of this action, Plaintiff had a [filling] in his possession that was lost through no fault of his own." (ECF No. 112.)

filling.  Id.  The time for filing a notice has passed, and neither party has notified the Court whether the parties were able to reach a stipulation.

On May 28, 2013, Plaintiff filed an affidavit in support of a request for default judgment against Defendant for failure to comply with a court order.  (ECF No. 130.)   The court construes this as motion for default judgment.  The Court does not require a response from the defendant.

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought who has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise.  Fed. R. Civ. P. 55(a).  This is not the case here as Defendant Gerstel has appeared and is defending this case.  Plaintiff contends that default judgment is appropriate because Defendant failed to "meet and confer" with Plaintiff in accordance with the  Court's order.  (ECF No. 130 at 1.)  Local Rule 110 provides that the failure to comply with any order of the Court may be grounds for sanctions, but does not require sanctions.  The Court order of was clear, that the parties meet and confer to stipulate to a description of the filling.  However, the Court was not descriptive in how that "meet and confer" was to be conducted.  The Court finds that the parties attempted to solve the issue, but it is clear that they cannot not reach an agreement.  Accordingly, the Court's February 12, 2013 instruction as to the description of the filling shall remain in effect.

IT IS HEREBY ORDERED that Plaintiff's construed motion for default judgement is DENIED.

IT IS SO ORDERED.

Dated:   **May 31, 2013**

UNITED STATES MAGISTRATE JUDGE

2