1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERDINAND REYNOLDS, | Case No. 1:09-cv-00680-SAB (PC) |
| Plaintiff, | ORDER REGARDING MOTIONS IN LIMINE |
| v. | (ECF Nos. 132, 133, & 134) |
| K. GERSTEL, | |
| Defendant. | |

Plaintiff Ferdinand Reynolds ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 16, 2009. This matter is set for jury trial on September 17, 2013 before the undersigned. On May 22, 2013, the Court held a telephonic status conference due to the reassignment of this case. (ECF No. 128.) During the hearing, the parties indicated that a motions in limine hearing solely on the issue of the relevancy of the tooth/filling would be prudent.

On June 17 2013, Defendant filed a motion in limine on the issue and on June 24, 2013. Defendant filed an opposition to Plaintiff's motions. (ECF Nos. 134 & 136.)   On June 10, 2013 and June 17, 2013, Plaintiff filed motions in limine. (ECF Nos. 132 & 134.) On July 2, 2013, the Court held a telephonic motions in limine hearing regarding these motions. (ECF No. 138.) Plaintiff appeared pro se by telephone, and counsel LaKeyshia Beene appeared by telephone for Defendant. Id. Having considered the moving and opposition papers and arguments presented at

1

the hearing, as well as the Court's file, the Court issues the following order.

A.    **Plaintiff's Motions in Limine**

    I.    **Plaintiff's June 10, 2013 Motion in Limine**

Plaintiff's motion in limine is essentially a motion for default judgment due to the lost evidence of Plaintiff's tooth/filling. Plaintiff restates his argument as to why the destruction of this evidence caused irreparable damage to his case. Plaintiff states that "[t]he only available remedy now left is for plaintiff to receive justice is for him to simply be awarded the full monetary amount requested by him . . . in the amount of **$1.1 million**, or for the defendant to come clean and reach a reasonable out of court settlement." (ECF No. 132 at 3 (emphasis in original).)

**Ruling:** The Court hereby denies Plaintiff's motion. The Court previously ruled in detail on this matter and Plaintiff is not entitled to default judgment. (ECF No. 112 at 7-10.). Further, the loss of the filling itself does not foreclose the plaintiff from proceeding on his case. As noted below, the Court will allow the plaintiff to testify about his filling, within the evidentiary confines addressed below. Any prejudice to the Plaintiff is diminished by this ruling. As to the prejudice to the Defendant if this motion were granted, such prejudice is extremely high, especially for a Defendant who is not alleged to have been involved in the loss of the filling. Applying this balancing, the Court accordingly denies the Plaintiff's motion.

    II.    **Plaintiff's June 17, 2013 Motion in Limine Involving Conflict of Interest**

Plaintiff's motion alleges a conflict of interest under California Rule of Professional Conduct 3-310 for Defense counsel Williams and Associates to represent the interests of Defendant Gerstel and his fellow CDCR witnesses. Plaintiff also alleges that Defense counsel intentionally mislead the Court in violation of California Rule of Professional Conduct 5-200.

**Ruling:** The Court hereby denies Plaintiff's motion. Williams and Associates represents only Defendant Gerstel in this matter and thus, there is no representation of adverse interests. Plaintiff's motion as to a conflict of interest is without support and is therefore denied. Further, Plaintiff's allegations that Defense counsel intentionally mislead the Court are without support. Plaintiff does not adequately articulate how Defense counsel mislead the Court, and therefore

Plaintiff's motion is denied.

### B. Defendant's Motion in Limine

#### I. Defendant's Motion to Exclude Irrelevant Evidence and Lay Witness Testimony Concerning Plaintiff's Tooth Filling

Defendant seeks to exclude irrelevant evidence concerning Plaintiff's partial tooth/filling. Defendant argues that evidence of the partial filling is irrelevant, would confuse the issues, and is a waste of time. Defendant also seeks to preclude lay witness testimony concerning whether the filling evidences whether all of tooth #29 was extracted on August 18, 2008.

**Ruling:** The Court grants the motion in part and denies the motion in part. The Court grants Defendants motion to the extent that Plaintiff may only offer lay testimony regarding his tooth filling. Fed R. Evid. 701. Plaintiff's opinion testimony regarding the tooth/filling is limited to what he personally perceived and felt. Id. Plaintiff may not hypothesize as to what a DNA sampling of his tooth/filling would show, as he is not an expert witness in this case. Fed. R. Evid. 702.

The Court denies Defendant's motion to exclude lay testimony regarding the tooth/filling. The issue in this case is whether Defendant Gerstel is liable for deliberate indifference in his care and treatment regarding extraction of Plaintiff's tooth in violation of the Eighth Amendment. The Court finds that Plaintiff's testimony regarding the remains of a tooth/filling left in Plaintiff's mouth following surgery is directly relevant to the issue at hand. Plaintiff may testify about the tooth/filling as to what he saw, felt, and about the manner in which he allegedly extracted the tooth/filling.

IT IS SO ORDERED.

Dated:  **July 2, 2013**

UNITED STATES MAGISTRATE JUDGE