# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERDINAND REYNOLDS, | Case No.  1:09-cv-00680-SAB |
| Plaintiff, | ORDER REGARDING MOTIONS IN LIMINE |
| v. | (ECF Nos. 143-153) |
| K. GERSTEL, | |
| Defendant. | |

## I.

## PROCEDURAL HISTORY

Plaintiff Ferdinand Reynolds ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 21, 2010. This matter is set for jury trial on September 17, 2013 before the undersigned.  On August 15, 2013, Defendant filed five motions in limine regarding Plaintiff's trial exhibits and testimony.  (ECF No. 143-47.)  On August 15 and 16, 2013, Plaintiff filed motions in limine requesting to disqualify Defendant's counsel.  (ECF Nos. 148, 149.)  On August 28, 2013, Defendant filed an opposition to Plaintiff's motions in limine.  (ECF No. 150.)  On September 3, 2013, Plaintiff filed an opposition to Defendant's motions in limine and an untimely motion in limine.  (ECF Nos. 151, 152.)  On September 6, 2013, the Court held a motion in limine hearing.  At the hearing, Plaintiff and counsel Lakeysia Beene, for Defendant, appeared telephonically.  The Court makes

1

the following ruling with regard to the pending motions in limine.

## II.

## LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child and Family Services, 115 F.3d 436,440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

## III.

## MOTIONS IN LIMINE

### A.   Plaintiff's Motions in Limine

1. Plaintiff's Motion to Disqualify the Law Office of Williams & Associates

Plaintiff moves to disqualify the Law Office of Williams & Associates from representing Defendant. Plaintiff alleges that a conflict of interest arises from Kathleen Williams representing the defendant vicariously through one of her law office associates, Lakeysia Beene. Kathleen Williams previously recused herself as Defendant's counsel due to the fact that she may be required to testify as a rebuttal witness in this case. Plaintiff alleges that a conflict of interest nonetheless remains because Kathleen Williams is the principle of the Law Offices of Williams & Associates.

**Ruling:**   The Defendant's original motion filed on June 14, 2013 was related to an exclusion of evidence, not declaring a conflict on the part of Defendant's counsel. The Court denied Defendant's evidentiary motion and made no finding on any conflict of interest since that was not the issue raised by the movant. The fact that trial counsel excused herself from the trial

because she may be called to testify cannot be construed by this Court as agreeing to a conflict. Rather, this is prudent litigation should the need arise that Ms. Williams be needed to testify to impeach evidence offered by Plaintiff. Since this Court made no finding as to recusals and/or conflict of interest, and since the Court finds no conflict present at this time, the Plaintiff's motion is DENIED.

### 2. Plaintiff's Motion to Include Third Level Prison Appeal

Plaintiff "vehemently request[s]" the Court to grant his request to submit copies of his prison appeals tracking records which shows the final decisions of all appeals which have been finalized through the California Department of Corrections and Rehabilitation ("CDCR") Inmate Appeal System. Plaintiff argues that the records are necessary to show that his appeal was granted in part and this decision remains in effect today.

**Ruling:** In the second amended pretrial order issued May 24, 2013, the parties were ordered to file all motions in limine by August 16, 2013. Plaintiff filed a motion in limine on August 28, 2013, after the motion in limine deadline had passed. Plaintiff had ample time to prepare this motion prior to the motion in limine deadline and has provided no good cause why this request was filed late. Further, Defendant was not given an opportunity to adequately respond in writing. Therefore, the motion is DENIED as untimely.

However, addressing the merits of Plaintiff's motion, the Court finds that, even had the motion been timely filed, the requested documents are irreverent under the Federal Rules of Evidence. "Evidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence that is not relevant is not admissible. Fed. R. Evid. 402.

This action involves deliberate indifference and it is irrelevant as to how the appeals examiners decided the matter. Further, upon examination of the third level appeal regarding this issue, the appeal states that it was partially granted in that an investigation into the matter was conducted. Whether Defendant Gerstel was deliberately indifferent is for the trier of fact to determine at trial. That Plaintiff's appeal was partially granted because an investigation was conducted into the matter is not relevant to the issue of deliberate indifference. Therefore, this

motion is also DENIED as the evidence sought to be admitted is irrelevant.

3. <u>Clarification of Instruction in Pretrial Order</u>

In his untimely motion in limine, Plaintiff also raises the issues of a typographical error in the pretrial order and that he does not access to Ninth Circuit Jury Instructions. In the second amended pretrial order, issued May 24, 2013, a word is missing from the jury instructions section. Plaintiff requests clarification.

The **parties** shall file proposed jury instructions as provided in Local Rule 163 on or before September 9, 2013. Plaintiff also contends that he does not have access to Ninth Circuit Jury Instructions.

Should the parties wish to submit proposed jury instructions, verdict form or statement of the case they may and the Court will consider them. However, the Court is aware of the difficulties that prisoners proceeding pro se have in accessing the law and preparing trial documents. For that reason, the Court will prepare the jury instructions, verdict form, and statement of the case to be used at trial.

4. <u>Amendment to Pretrial Order</u>

During the hearing, Plaintiff moved to amend the pretrial order to include Title 15, section 3351(b) as one of his exhibits. Plaintiff argues that the relevant section states that an inmate is allowed to decline medical or dental treatment without suffering retaliation.

**Ruling:** The Court GRANTS Plaintiff's request to include Title 15, section 3351(b) as an exhibit, however the Court will defer ruling on the admissibility of the exhibit until the issue arises during trial.

**B.  Defendant's Motion in Limine**

1. <u>Defendant's Motion to Exclude Testimony Regarding Possible Judgment Source</u>

Defendant moves to exclude any reference to whether the State of California or CDCR would be liable for paying any verdict for compensatory damages against Defendant. Plaintiff opposes the motion, stating that the jury has the absolute right to know that CDCR is absolutely responsible for paying damages caused by any of its doctors.

**Ruling:** The issue of who would pay damages were Plaintiff to prevail in this action is

not relevant to the claim that Defendant Gerstel was deliberately indifferent in extracting Plaintiff's tooth. Evidence of the source of payment is inadmissible during the liability and compensatory damages phase of trial. Engman v. City of Ontario, 5:10-cv-00284 CAS (PLAx), 2011 WL 2463178, *10 (C.D.Cal. June 20, 2011). If CDCR would be liable, then the evidence could be relevant to rebut any claim that the defendant lacks financial resources to pay an award of punitive damages. Id. Defendant's motion to preclude Plaintiff from that the CDCR would be liable for paying a judgment is GRANTED.

2. <u>Defendant's Motion to Exclude Plaintiff's Grievances —602 Inmate Appeals</u>

Defendant objects to Plaintiff introducing various 602 inmate appeal grievances and responses thereto. Specifically, Defendant objects to the introduction of a 602 dated November 2, 2011 (Exhibit 5), the declaration of Warren Liu (Exhibit 3), and Defendant's supplemental response to the production of documents (Exhibit 4). Plaintiff opposes the motion because the appeal was partially granted and states that the appeals are necessary to contradict the false testimony that he anticipates will be offered at trial.

**Ruling:** During the hearing, defense counsel clarified that the supplemental response that was referenced in this motion in limine was the confidential inquiry that was included in the response to the production of documents.

Specifically, Defendant seeks to preclude Plaintiff's Exhibit 5, his inmate appeal dated November 2, 2011 and the responses thereto. The fact that Plaintiff filed an inmate appeal and an investigation was conducted is not relevant to Plaintiff's claim that Defendant Gerstel was deliberately indifferent in extracting Plaintiff's tooth. The Court GRANTS Defendant's request as to Exhibit 5 on relevance grounds.

However, the Court notes that to the extent that Plaintiff is alleging that the appeals contain false statements, the documents could potentially be used as impeachment evidence. This evidence could be used against a testifying witness, but only if that witness is familiar with or wrote or adopted the statement. The parties are advised that prior to its admission, the party seeking to impeach with such evidence must raise the issue and do so outside the presence of the jury.

1   Defendant also seeks to exclude Plaintiff's Exhibit 3, a declaration by Dr. Warren Liu
2   which includes Plaintiff's August 25, 2008 appeal and the responses thereto. Plaintiff contends
3   that he will admit the declaration of Dr. Liu to show that Defendant Gerstel lied to save his job
4   during the investigation into the extraction of his tooth.

5   Hearsay is an out of court statement that a party offers for the truth of the matter asserted.
6   Fed. R. Evid. 801(c).  A statement made by a party that is offered by the opposing party is not
7   hearsay. Fed. R. Evid. 801(d)(2)(A).  While the statements made by Defendant Gerstel are not
8   hearsay, the declaration of Dr. Liu is hearsay.  The Court does not find an identifiable exception
9   to the hearsay rules for admission of the declaration of Dr. Lui, and therefore the motion to
10  exclude Exhibit 3 is GRANTED.  If Warren Liu testifies at trial, Plaintiff is free to question him
11  about the contents of the declaration or refresh his memory with the document, if necessary. Fed.
12  R. Evid. 612.

13  Defendant also seeks to exclude Plaintiff's Exhibit 4, a supplemental response to a request
14  for production of documents including the confidential inquiry into the August 25, 2008 appeal.
15  Some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion
16  in limine and it is necessary to defer ruling until during trial when the trial judge can better
17  estimate the impact of the evidence on the jury.  <u>Jonasson</u>, 115 F.3d at 440.  Because there is
18  insufficient information for the Court to determine what this exhibit includes, the ruling as to the
19  admissibility of Exhibit 4 will depend on the specific wording and context in which it arises and
20  the reason for which it is being offered.  Therefore, Defendant's motion in limine to preclude the
21  use of Exhibit 4 is DENIED subject to Defendant raising the issue during trial.

22      3.   <u>Defendant's Motion to Exclude Evidence That Contains Hearsay, Is Irrelevant, and Confusing</u>
23

24  Defendant objects to the introduction of the declaration of Warren Liu, a property receipt
25  from officers R. Diaz and G. Guido, and Plaintiff's request for judicial notice.  (ECF No. 66.)
26  **Ruling:**  At the hearing, Plaintiff argued that these documents are necessary to show that
27  he was subjected to retaliation due to filing this lawsuit.  As discussed above, the Court grants
28  Defendant's motion as to the declaration of Warren Liu because it is inadmissible hearsay. Fed.

R. Evid. 801.

Plaintiff wishes to introduce the copy of a property receipt showing that at one time he possessed an envelope which was labeled legal property which was disposed of by correctional officers. The issue in this action is whether Defendant Gerstel was deliberately indifferent in extracting Plaintiff's tooth. Plaintiff is again advised that the conditions that he was subjected to and events that occurred with other correctional officials after filing this lawsuit are not relevant here and the property receipt will not be admissible at trial.

Under the Federal Rules a court may take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice may be taken "of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc. 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). Plaintiff has requested the Court take judicial notices of his appeal documents. These documents are not subject to judicial notice as they subject to reasonable dispute. Defendant's motion in limine to exclude these documents is GRANTED.

### 4. Defendant's Motion Regarding the "Golden Rule" Argument

Defendant objects to Plaintiff asking the jury to put itself in Plaintiff's position. Defendant argues that it is "universally recognized as improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." United States v. Teslim, 869 F.2d 316, 328 (7th Cir. 1989). Plaintiff states that he does not intend to ask the jury to put itself in his position.

**Ruling:** The "Golden Rule" argument, asking the jury to put itself in the position of the party, is improper. See Lovett v. Union Pacific R. Co., 201 F.3d 1074, 1083 (8th Cir. 2000) (Golden Rule "argument is universally condemned because it encourages the jury to depart from neutrality and to decide the case on the basis of person interest rather than on the evidence." (quoting Spray-Rite Serv. Corp. v. Monsanto Co., 684 F.2d 1226, 1246 (7th Cir. 1982)); Forrestal v. Magendantz, 848 F.2d 303, 309 (1st Cir. 1988) (same) (quoting Ivy v. Security Barge Lines,

Inc., 585 F.2d 732, 471 (5th Cir. 1978). At the hearing, Plaintiff contended that he will not be using the Golden Rule argument. The Court anticipates that the parties will properly conduct argument during trial, and should this issue arise, the Court will rule on the propriety of the argument at that time.

     5.    <u>Defendant's Motion to Exclude Testimony Concerning Allegations of Impropriety by Defense Counsel</u>

Defendant objects to Plaintiff introducing testimony that references allegations of impropriety by defense counsel. Plaintiff has accused defense counsel of suborning perjury, submitting false declarations, and misleading the Court. Plaintiff has failed to produce any evidence of wrongdoing. Moreover, such information is not relevant to the issues of this case. Plaintiff opposes the motion stating that defense counsel prepared "both declarations severely contradict each other to show a strong adverse interest between the defendant and his witnesses created by their own legal attorneys." (ECF No. 151 at 4.)

**Ruling:** During the hearing on these motions, defense counsel clarified that she is seeking to exclude collateral matters such as false allegations of misconduct by defense counsel and misconduct that Plaintiff has raised throughout the pendency of this action. The Court GRANTS Defendant's motion in limine. In the event that either party discovers improper conduct by the opposing side during the course of trial, the matter shall be addressed with the Court, outside the presence of the jury.

## IV.
## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motions in limine to disqualify Williams & Associates and to admit his third level appeal decision into evidence are DENIED;

2. Plaintiff's oral motion to amend the pretrial order to add Title 15, section 3351(b) to his exhibit list is GRANTED;

3. Defendant's motions in limine no. 1, to exclude any reference to whether the State of California or CDCR would be liable for paying any verdict for compensatory

damages, is GRANTED;

4. Defendants' motion in limine no. 2 is GRANTED IN PART AND DENIED IN PART as follows:

   a. Defendant's motion in limine to exclude Plaintiff's 602 dated November 2, 2011, (Exhibit 5), and the declaration of Warren Liu, (Exhibit 3), is GRANTED;

   b. Defendant's motion in limine to exclude the supplemental response to the production of documents, (Exhibit 4) is DENIED;

5. Defendant's motion in limine no. 3 to exclude the declaration of Warren Liu, a property receipt from officers R. Diaz and G. Guido, and deny Plaintiff's request for judicial notice is GRANTED;

6. Defendant's motion in limine no. 4 to prohibit the "Golden Rule" argument is deferred to be ruled upon should the issue arise at trial; and

7. Defendant's motion in limine no. 5 to prohibit Plaintiff from introducing testimony that references allegations of impropriety by defense counsel is GRANTED.

IT IS SO ORDERED.

Dated: **September 9, 2013**

UNITED STATES MAGISTRATE JUDGE